IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE OLIPHANT, :
    Petitioner :
: CIVIL NO. 1:12-CV-1577
  v. :
: (Judge Caldwell)
WAYNE J. GAVIN, et al. :
    Respondents :
:

*M E M O R A N D U M*

Wayne Oliphant, an inmate at SCI-Waymart in Waymart, Pennsylvania, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Pennsylvania Board of Probation and Parole revoked Petitioner's parole and established his new maximum expiration date as September 18, 2013. The petition claims the Board has incorrectly calculated the expiration date because he is entitled to credit on his sentence: (1) for a period of time from July 1, 2008, through August 3, 2009, when he was paroled from the sentence at issue but remained incarcerated[1]; and (2) for a period of time beginning on August 3, 2009, when he was in a community correction center.

Respondents argue that the petition should be dismissed because Petitioner has failed to exhaust his state-court remedies and because the petition lacks

---

[1] Respondents assert this was a constructive parole, and Petitioner was serving time on another sentence. *See Hines v. Pennsylvania Bd. of Prob. & Parole,* 491 Pa. 142, 148-49, 420 A.2d 381, 384 (1980); *Calloway v. Pennsylvania Bd. of Prob. & Parole,* 857 A.2d 218, 220-21 (Pa.Commw. Ct. 2004).

merit in any event. We agree that Petitioner has failed to exhaust his state-court remedies and will dismiss the petition without reaching the merits.

A 2254 petition cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished "by fairly presenting each claim at each stage of the state's established appellate review process." *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004).

As Respondents point out, Petitioner currently has pending in the Pennsylvania Commonwealth Court a petition for review raising both grounds for relief he presents here. *See Oliphant v. Pennsylvania Board of Probation and Parole*, No. 1775 CD 2012 (Pa. Commw Ct.); Doc. 14-1. ECF p. 73. He has therefore not exhausted his state-court remedies, and we will dismiss the 2254 petition. *See generally, Washington v. Pennsylvania*, No. 07-CV-1730, 2008 WL 598309, at *2 (M.D. Pa. Feb. 29, 2008)(Caldwell, J.).

Petitioner asserts that he has exhausted state-court remedies by referring to two attempts he made in the appellate courts to obtain review of the Board's decision. In the first one, filed in the commonwealth court and docketed at No. 223 MD 2012, the court dismissed a petition seeking mandamus relief against the Board. In the second, filed in the Pennsylvania Supreme Court and docketed at No. 79 MM 2012, the court denied a petition for a writ of habeas corpus. Doc. 18, ECF pp. 2-3. Both of these attempts were procedurally improper and cannot establish exhaustion in the face of a properly filed petition for review.

We will issue an order denying the section 2254 petition. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge

August 19, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE OLIPHANT,
    Petitioner

  v.

WAYNE J. GAVIN, et al.
    Respondents

CIVIL NO. 1:12-CV-1577

(Judge Caldwell)

*O R D E R*

AND NOW, this 19th day of August, 2013, it is ordered that:

  1. The petition (Doc. 1) for a writ of habeas corpus is dismissed for failure to exhaust state-court remedies.

  2. A certificate of appealability is denied.

  3. The motion (Doc. 17) to grant the 2241 petition is dismissed as moot.

  4. The Clerk of Court shall close this file.

                    /s/ William W. Caldwell
                    William W. Caldwell
                    United States District Judge